UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

CHIKEZIE OTTAH,

       Plaintiff,

  -v-                                                                       No.  15 CV 02465-LTS

BMW et al.,

       Defendants.

-------------------------------------------------------x

MEMORANDUM OPINION AND ORDER

        Plaintiff Chikezie Ottah ("Plaintiff") brings this patent infringement action pro se against fifteen automobile companies (collectively, "Defendants").  This action concerns U.S. Patent no. 7,152,840 (the "'840 patent"), which is co-owned by Plaintiff.[1]  Five of the defendants—General Motors LLC; Mazda Motor Corporation; Nissan Motors Company Limited; Fuji Heavy Industries; and Toyota Motor Corporation (collectively, "MTD Defendants")—have moved to dismiss Plaintiff's Second Amended Complaint for failure to state a claim upon which relief may be granted and for misjoinder.  Additionally, five other defendants—FCA US LLC; Ford Motor Company; Hyundai Motor America; Jaguar Land Rover North America, LLC; and Kia Motor America, Inc. (collectively, "MSJ Defendants")—have moved for summary judgment of non-infringement.[2]  The remaining five defendants—BMW,

---

[1]    Plaintiff's co-owners (Chineye Ottah, and Kenneth Ottah) have given Plaintiff the "unilateral right to sue for infringement of the patent at issue." (Docket entry no. 142.)

[2]    The Court notes that Jaguar Land Rover North America, LLC has separately renewed its prior motion to dismiss the complaint for failure to state a claim upon which relief may be granted (see docket entry no. 154 (renewing docket entry no.

Rolls Royce, Damier AG [sic], Citron/Peoget [sic], and Mitsubishi (collectively, "Nonmoving Defendants")—have not appeared in this action. The Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1338. For the reasons set forth below, MTD Defendants' motion to dismiss for failure to state a claim is granted, MSJ Defendants' motion for summary judgment is also granted, and the action is dismissed as against the remaining defendants. The Court does not reach the issue of misjoinder.

## BACKGROUND

Plaintiff's Second Amended Complaint ("SAC") alleges generally that he "invented a mobile camera" and that Defendants "are manufacturing/making the product, using and selling it [sic]," thereby infringing on the '840 patent. (Docket entry no. 89 at ECF p. 7.) The '840 patent, entitled "Book Holder," was issued by the United States Patent and Trademark Office on December 26, 2006. (Supko Decl. Ex. A, docket entry no. 146-1.)[3] The '840 patent was issued with a single claim directed to "[a] book holder for removable attachment," comprising an adjustable clasp for attachment of the device, an arm extending from the clasp to a book platform, and several clamps to attach a book to the platform holder. (See id.)

The '840 patent's single claim reads in its entirety as follows:

1. A book holder for removable attachment, the book holder comprising: a book support platform, the book support platform comprising a front surface, a rear surface and a plurality of clamps, the front surface adapted

---

104)), and Kia Motor America, Inc. has separately renewed its prior motion to dismiss for misjoinder (see docket entry no. 155 (renewing docket entry 104).)

[3]   The Court can consider the patent, as it is referenced in and relied upon by the SAC. Broder v. Cablevision Sys. Corp., 418 F.3d 187, 196 (2d Cir. 2005). Furthermore, Plaintiff has attached an annotated version of the '840 patent to his submission in opposition. (Docket entry no. 159 at ECF pp. 18-25.)

>   for supporting a book, the plurality of clamps disposed on the front surface to engage and retain the book to the book support platform, the rear surface separated from the front surface;
>
>   a clasp comprising a clip head, a clip body and a pair of resilient clip arms, the clip arms adjustably mounted on the clip head, the clip head attached to the clip body; and
>
>   an arm comprising a first end and a second end and a telescoping arrangement, the clasp on the first end, the second end pivotally attached to the book support platform, the telescoping arrangement interconnecting the first end to [ ] the second end, the clasp spaced from the book support platform wherein the book holder is removably attached and adjusted to a reading position by the telescoping arrangement axially adjusting the spaced relation between the book support platform and the clasp and the pivotal connection on the book support platform pivotally adjusting the front surface with respect to the arm.

(Supko Decl. Ex. A at 6.)

Plaintiff has attached to the SAC an image of a camera mounted on a vehicle. (Docket entry no. 89 at ECF p. 34.)[4] The SAC, however, does not proffer details as to how the such apparently accused vehicle-mounted cameras infringe the '840 patent nor identify any particular vehicle or camera model as infringing. He merely refers to cameras as items that could be supported by the platform component of a book holder, and to the general availability of light and affordable cameras. (See, e.g., SAC at ECF p. 10 ("the book platform [] may be used to support such devices as audio/video equipment, mobile phones, CAMERA, computers, DPA [sic], musical instruments, toys, puzzles, board games, and their elements."); id. at ECF p. 11 ("Today innovated cameras are small, light, and affordable, everybody in the family have camera for out door activities, this is truly stated by the book holder [sic] . . .").

On March 2, 2016, MTD Defendants moved to dismiss the SAC, arguing

---

[4]   Plaintiff has also attached to his opposition to the dispositive motions over a dozen images of mounted cameras that appear to be on vehicles manufactured by some of the Defendants. (See docket entry no. 159 at ECF pp. 32-37.)

principally that, contrary to Plaintiff's claim that he invented a mobile camera, the '840 patent does not claim a camera of any sort and thus Plaintiff cannot plead plausibly his claim of infringement. MSJ Defendants similarly contend that the claim of '840 patent does not read on their vehicle-mounted camera devices. MSJ Defendants further contend, on the basis of evidentiary submissions, that because the cameras on their vehicles cannot be removed without tools, the cameras fail the "removable attachment" limitation of the patent's claim and there is no genuine dispute as to non-infringement. (See docket entry nos. 109, 110, 111, 113 & 114.) MSJ Defendants specifically request that their motion be treated as one for summary judgment.[5] (Docket entry no. 151 at 12.)

      Plaintiff has made several submissions in opposition to the motion to dismiss and motion for summary judgment, including an April 1, 2016, letter in opposition to both motions (docket entry no. 159), a supplemental exhibit on April 6, 2016 (docket entry no. 160), and another letter filed April 21, 2016, in response to Defendants' replies (docket entry no. 167). Plaintiff, inter alia, invokes the doctrine of equivalents and argues that the '840 patent reads on certain aspects of Defendants' cameras; for instance, Plaintiff asserts that a "book" can refer to a "camera" and that the screws and bolts holding Defendants' mounted cameras in place should be considered the equivalent of the removable clasps specified in the patent. (See docket entry no. 159 at ECF pp. 6, 8.)

---

[5] MSJ Defendants filed a notice titled as one pursuant to Local Rule 12.1 which states, inter alia, that the Court could treat the motion as one for summary judgment and that the claims asserted could be dismissed without a trial if Plaintiff does not respond to the motion with sworn affidavits as required by Rule 56(c) or other documents. The notice included a copy of Rule 56. (Docket entry no. 150.)

DISCUSSION

Motion to Dismiss

A complaint will survive a motion to dismiss only when it pleads "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Such a pleading requires the complainant to proffer factual allegations that go beyond "labels and conclusions."  Id. at 555.  Although a document filed by a pro se litigant is to be liberally construed, the factual allegations in support of an asserted claim must demonstrate "facial plausibility" and "raise a right to relief beyond the speculative level" to withstand a motion to dismiss.  See Colida v. Nokia, Inc., 347 F. App'x 568, 570 (Fed. Cir. 2009) (citations omitted).  Moreover, "[t]he court need not accept as true an allegation that is contradicted by documents on which the complaint relies."  In re Bristol-Myers Squibb Sec. Litig., 312 F. Supp. 2d 549, 555 (S.D.N.Y. 2004).

Plaintiff alleges that he has "invented a mobile camera," that this invention is covered by the '840 patent and that Defendants' vehicle-mounted camera devices infringe the '840 patent.  Determination of patent infringement requires two steps: "[t]he first step is determining the meaning and scope of the patent claims asserted to be infringed.  The second step is comparing the properly construed claims to the device accused of infringing."  Markman v. Westview Instruments, Inc., 52 F.3d 967, 976 (Fed. Cir. 1995) (internal citations omitted).  Here, step one is straightforward: the '840 patent is labeled "Book Holder," and the first sentence of the patent's claim describes "[a] book holder for removable attachment."  (Supko Decl. Ex. A at 6); see Phillips v. AWH Corp., 415 F.3d 1303, 1314 (Fed. Cir. 2005) ("In some cases, the ordinary meaning of claim language as understood by a person of skill in the art may be readily apparent even to lay judges, and claim construction in such cases involves little more

than the application of the widely accepted meaning of commonly understood words.").

The '840 patent's single claim does not mention the word "camera" and enumerates no features typical of the components or functions of a camera, instead describing a support platform, with clips to hold a book, and attached to a telescoping rod that can removably attached to another object.  (See Supko Decl. Ex. A at 6:14-38.)  Plaintiff, however, invokes the doctrine of equivalents and attempts to analogize MTD Defendants' vehicle-mounted cameras to his book holder on the basis that both are technically detachable from other things, and that his book holder can hold items like a camera.  "The substantial equivalent of a thing is, in the sense of the patent law, the same as the thing itself.  Two devices which perform the same function in substantially the same way, and accomplish substantially the same result, are therefore the same, though they may differ in name or form."  Union Paper-Bag Mach. Co., 97 U.S. 120, 121 (1877).

Plaintiff's equivalency arguments are foreclosed by the language of the patent and are legally implausible.  The '840 patent's claim describes a detachable, adjustable and pivoting mechanism used to hold items, namely books, in place for reading.  The claim states that "the book holder is removably attached and adjusted to a reading position by the telescoping arrangement axially adjusting the spaced relation between the book support platform and the clasp and the pivotal connection on the book support platform pivotally adjusting the front surface with respect to the arm."  (Supko Decl. Ex. A at 6.)  The '840 patent contains no claim that can be plausibly construed to cover a mobile camera device, a mounted camera, or any kind of camera.  The fact that Plaintiff's book holder could be used to hold a camera does not make it the equivalent of a mobile camera.  Plaintiff also argues in his opposition to the motion that the Court should consider the claims and prosecution history of an Australian patent application, as

incorporated by reference into the '840 patent. This argument is unavailing. The '840 patent makes no reference whatsoever to the Australian application. Plaintiff's unsupported, conclusory assertions of infringement, which are inconsistent with the plain language of the '840 patent, fail to plead plausibly that MTD Defendants' vehicle-mounted cameras infringe upon the '840 patent. Accordingly, MTD Defendants' motion to dismiss the SAC for failure to state a claim is granted, and the Court need not reach the issue of misjoinder.

Motion for Summary Judgment

    Summary judgment is appropriate when "there is no genuine issue as to any material fact and that the movant is therefore entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of demonstrating that there are no genuine issues of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). In determining whether the moving party has met its burden, "the district court must resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment." Citra v. G.E. Co., 252 F.3d 205, 216 (2d Cir. 2001). "If the moving party meets its burden, the opposing party must produce evidentiary proof in admissible form sufficient to raise a material question of fact to defeat the motion for summary judgment." Fantasia Accessories, Ltd. v. N. Assurance Co. of Am., No. 01 Civ. 663, 2001 WL 1478807, at *2 (S.D.N.Y. Nov. 20, 2001). "[M]ere conjecture or speculation by the party resisting summary judgment does not provide a basis upon which to deny the motion." Quarles v. General Motors Corp. (Motors Holding Division), 758 F.2d 839, 840 (2d Cir. 1985).

    To find patent infringement, "the accused device must contain each limitation of the claim, either literally or by an equivalent." TIP Sys., LLC v. Phillips & Brooks/Gladwin,

Inc., 529 F.3d 1364, 1379 (Fed. Cir. 2008) (internal quotation marks omitted). "If, however, even one claim limitation is missing or not met, there is no literal infringement." MicroStrategy Inc. v. Bus. Objects, S.A., 429 F.3d 1344, 1352 (Fed. Cir. 2005). The Federal Circuit has already ruled on the scope of the '840 patent, finding that any infringing device must be capable of being "removed without tools." Ottah v. VeriFone Sys., Inc., 524 F. App'x 627, 629 (Fed. Cir. 2013); see also Ottah v. First Mobile Techs., No. 10 CV 7296, 2012 WL 527200, at *5-6 (S.D.N.Y. Feb. 17, 2012) (holding that "only a product which can be attached quickly, removably, and without tools, in a manner akin to that of the '840 Patent, can infringe that patent").

MSJ Defendants have proffered uncontroverted evidence that the accused cameras are mounted in a fixed fashion both to their supporting structures and to Defendants' vehicles and that tools (and, in some cases, disassembly of other vehicle components) are necessary to remove them. (See Harris Decl. Exs. 3-7.) This evidence demonstrates that the accused cameras do not meet the "removable attachment" limitation of the '840 patent's claim and thus do not literally infringe on the patent. Plaintiff also invokes the doctrine of equivalents, arguing, inter alia, that a screw is a "clamp," and that the mounted cameras therefore infringe on the '840 patent. This argument, however, fails for two reasons: first, Plaintiff has not proffered any evidence to support this assertion, instead relying exclusively on his own conclusory statements; second, one would need a tool (a screwdriver) to remove the camera. The Federal Circuit has already construed the '840 patent in a manner that forecloses Plaintiff's equivalency argument, holding that a device whose attachment "cannot be removed without tools" does not literally infringe the '840 patent and further holding that, given Plaintiff's representations in the course of prosecuting the patent, "[h]e cannot . . . , under the doctrine of equivalents, seek to

broaden his claim to include mounts that are fixed as well as mounts that are removable." See Verifone, 524 F. App'x at 629-30.

Thus, the removability limitation of the '840 patent does not, as a matter of law, read on MSJ Defendants' accused devices and those defendants are entitled to summary judgment on the basis of non-infringement.[6]

## CONCLUSION

For the foregoing reasons, MTD Defendants' motion to dismiss the SAC is granted, with prejudice. MSJ Defendants' motion for summary judgment is also granted. This Memorandum Opinion and Order resolves docket entries numbers 144, 148, 149, 154 and 155. The Clerk of Court is requested to enter judgment and close the case.

Sua sponte and in the interests of justice, the Court finds that, for the reasons set forth above in connection with MTD Defendants' motion, the SAC must be dismissed as against all of the remaining defendants. The plain language of the '840 patent demonstrates that the SAC cannot be amended to cure its fundamental defects, and accordingly, it is dismissed with

---

[6] MSJ Defendants have also proffered uncontroverted evidence that their camera devices fail to meet the telescoping arm and adjustability limitations of the '840 patent. (See Harris Decl. Exs. 3-7.) These undisputed facts require judgment in MSJ Defendants' favor as well.

prejudice in its entirety.

SO ORDERED.

Dated: New York, New York
February 1, 2017

   /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

Copy mailed to:
Mr. Chikezie Ottah
170 Portland Ave.
Apt 14F
Brooklyn, NY 11217